# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00047 |
| v. | (Judge Brann) |
| JEFFREY SCOTT JONES, | |
| Defendant. | |

## ORDER

### SEPTEMBER 24, 2020

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Jeffrey Scott Jones' motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 72) is **GRANTED**;

2. Jones' sentence will be **REDUCED** to time served;

3. Jones will be placed on a special term of supervised release until September 9, 2025, which is equivalent to his current eligibility date for release from Bureau of Prisons' custody, during which time Jones shall remain on home confinement under the terms outlined in Appendix A of this Order;

4. Following the special term of supervised release, Jones will be placed on supervised release for a term of three years, as provided in the original Criminal Judgment;

5. The United States Probation Office in the Middle District of Pennsylvania is **DIRECTED** to complete a home plan investigation within 14 days of the date of this Order and notify the Bureau of Prisons when said investigation is completed;

6. The Bureau of Prisons **SHALL** release Jones immediately following notification that the United States Probation Office in the Middle District of Pennsylvania has completed its home inspection;

7. The court **RECOMMENDS** that the Bureau of Prisons screen Jones for COVID-19 within twelve hours prior to his release, and if he is displaying symptoms consistent with COVID-19, test the defendant and share the results with the United States Probation Office in the Middle District of Pennsylvania; and

8. An Amended Judgment shall issue.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

# **APPENDIX A**

SUPERVISION CONDITIONS:

Within seventy-two hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the district to which the defendant is released.

While under supervision, the defendant must comply with the following standard conditions:

1. The defendant must report to the probation office in the federal judicial district where he is authorized to reside within fifteen days of release from imprisonment, unless the probation officer instructs him to report to a different probation office or within a different time frame;

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed;

3. The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer;

4. The defendant must answer truthfully the questions asked by his probation officer;

5. The defendant must live at a place approved by the probation officer. If he plans to change where he lives or anything about his living arrangements (such as the people he live with), he must notify the probation officer at least ten days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change;

6. The defendant must allow the probation officer to visit at any time at his home or elsewhere, and he must permit the probation officer to take

       any items prohibited by the conditions of your supervision that he or she observes in plain view;

7. The defendant must work full time (at least thirty hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If he does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so. If he plans to change where he works or anything about his work (such as his position or job responsibilities), he must notify the probation officer at least ten days before the change. If notifying the probation officer at least ten days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change;

8. The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9. If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours;

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers);

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require him to notify the person about the risk and he must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk;

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision; and

14. The defendant must notify the court of any material change in his economic circumstances that might affect his ability to pay restitution, fines or special assessments.

While under supervision, the defendant must also comply with the following special conditions of supervision:

1. Upon release from custody, the defendant must obtain transportation directly from the prison to his approved residence. The defendant must eliminate or minimize any stops during that transport;

2. The defendant must self-quarantine in an approved residence during the first fourteen days of his supervised release;

3. The defendant is restricted to his residence at all times during his term of special supervised release except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. During this time period, the defendant's location will be monitored at the discretion of the probation officer. The probation officer will determine what type of technology to use to monitor the defendant. The defendant must follow the rules and regulations of any monitoring program. The defendant must pay for the cost of the program to the extent he is able, as determined by the probation officer. If, after twelve months, defendant has not violated this condition or any other condition of his special supervised release, the court will favorably consider his request to lift this condition.

4. The defendant must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program which could include an evaluation and completion of any recommended treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer; and

5.  The defendant must refrain from any unlawful use of a controlled substance. He must submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. He must not attempt to obstruct or tamper with the testing methods.